FENNEMORE CRAIG, P.C.
Douglas C. Northup (No. 013987)
Taylor Burgoon (No. 033970)
2394 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
Telephone: (602) 916-5000
Email: dnorthup@fclaw.com
Email: tburgoon@fclaw.com

*Attorneys for Defendant*
*Caesars Entertainment Corporation*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Stacey Caron,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Caesars Entertainment Corporation, a Delaware corporation; ABC Corp 1-10; and John Does 1-10,<br><br>　　　　　Defendants. | No. CV-19-5922-PHX-MTL<br><br>**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE OR, IN THE ALTERNATIVE, MOTION TO TRANSFER** |

Pursuant to Rule 12(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Defendant Caesars Entertainment Corporation ("CEC") moves to dismiss Plaintiff Stacey Caron's ("Plaintiff") Complaint for lack of personal jurisdiction and improper venue or, in the alternative, for an order transferring this action to the United States District Court for the District of Nevada ("Nevada District Court"). CEC supports this motion with the following Memorandum of Points and Authorities and the pleadings on file with the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Plaintiff's claims against CEC must be dismissed for lack of personal jurisdiction and improper venue. Personal jurisdiction cannot be established over CEC because it is not

"at home" in Arizona, and the alleged incidents underlying Plaintiff's claims have no connection to Arizona. It is Plaintiff's burden to adequately demonstrate personal jurisdiction, and she has failed to meet that burden.

Plaintiff's claims should also be dismissed because, for the same reasons stated above, venue is improper in Arizona. CEC, the only named defendant, does not reside in Arizona and none of the alleged acts giving rise to Plaintiff's claims occurred in Arizona.

Alternatively, the Court should transfer this case to the Nevada District Court. For the purpose of this case, CEC will submit to the jurisdiction of that court.[1]

## II.   FACTUAL BACKGROUND

Plaintiff's claims arise out of an incident that allegedly took place at The Cromwell hotel in Las Vegas, Nevada. Plaintiff alleges that CEC is the parent company of The Cromwell. Complaint, ¶ 5.  Plaintiff alleges that, while she and her business partner were guests at The Cromwell in August 2019, The Cromwell security staff wrongfully accused her business partner of committing a lewd act in the hotel casino. *See, e.g.*, *id.* at ¶¶ 6–7, 34. Plaintiff further alleges that The Cromwell manager asked the two security guards who had wrongfully accused Plaintiff's business partner to escort Plaintiff and her business partner back to their hotel room. *Id.* at ¶ 11.  Plaintiff alleges that, when she got back to her room, she was assaulted and unlawfully restrained by the security guards. *See, e.g.*, *id.* at ¶¶ 17–19, 26, 49. Based on those allegations, Plaintiff asserts claims against CEC, the only named defendant, for (1) assault and battery, (2) negligence, (3) false imprisonment, and (4) respondeat superior / vicarious liability. *Id.* at ¶¶ 25–60.

The incidents the Complaint recounts are based entirely on alleged conduct that took place at The Cromwell in Las Vegas, Nevada. No part of the alleged incidents took place

---

[1] By filing this motion, CEC does not waive, and hereby reserves, the right to assert any and all objections and defenses to Plaintiff's Complaint that are not otherwise waived by law pursuant to Rule 12(h) of the Federal Rules of Civil Procedure, including, but not limited to, that CEC is not a proper party to this action.

in Arizona or anywhere outside of Las Vegas. Plaintiff generally alleges that CEC "conducts business and regularly solicits business in Maricopa County, Arizona." *Id.* at ¶ 2. The Complaint, however, does not include any other allegations relating to CEC's purported contacts with Arizona. Nor does the Complaint include any allegations regarding the state in which CEC is incorporated or the state in which CEC has its principal place of business.

**III.   ANALYSIS**

    **A.   <u>The Court Lacks Personal Jurisdiction Over CEC</u>.**

        1.   <u>Legal Standard</u>

A federal court with diversity jurisdiction over an action applies the personal jurisdiction rules of the forum state and the Due Process Clause of the Fifth Amendment. *See, e.g.*, *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Arizona's rules are identical to the federal rules, as Arizona's long arm statute "provides for personal jurisdiction co-extensive with the limits of federal due process." *Doe v. American National Red Cross*, 112 F.3d 1048, 1050 (9th Cir.1997) (citing *Batton v. Tennessee Farmers Mutual Insurance Co.*, 153 Ariz. 268, 736 P.2d 2, 4 (1987)); *see also* Ariz. R. Civ. P. 4.2(a).

"Due process requires that nonresident defendants have certain minimum contacts with the forum state, so that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice." *Doe*, 112 F.3d at 1050 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Depending on the strength of those contacts, there are two forms that personal jurisdiction may take: general and specific.

        a.   *General Jurisdiction*

A court with general jurisdiction may hear any and all claims against a defendant, even if the cause of action is unrelated to the defendant's activities in the forum state. *See, e.g.*, *id.* General jurisdiction, however, only exists "when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

"[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* at 137. "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Id.* (quoting *Goodyear*, 564 U.S. at 924).

A corporate defendant is ***not*** subject to general jurisdiction in every state in which it "engages in a substantial, continuous, and systematic course of business." *Id.* at 138 (holding that such a formulation of general jurisdiction is "unacceptably grasping"). Instead, the appropriate inquiry "is whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State.'" *Id.* at 138–39 (quoting *Goodyear*, 564 U.S. at 919).

b.     *Specific Jurisdiction*

Unlike general jurisdiction, specific jurisdiction only exists if the conduct underlying the action is linked to the forum state. *See, e.g.*, *id.* at 122 (noting that specific jurisdiction is "conduct-linked jurisdiction"). In other words, "there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1780 (2017) (quoting *Goodyear*, 564 U.S. at 919).

c.     *Plaintiff's Burden of Proof*

If a defendant moves to dismiss an action for lack of personal jurisdiction, the burden of proving jurisdiction falls on the plaintiff. *See, e.g.*, *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). To meet that burden, the plaintiff must "make a prima facie showing of jurisdictional facts." *Id.* (internal quotations and citation omitted). A conclusory allegation that a defendant "does business" in the forum state is insufficient to confer personal jurisdiction over that defendant. *See, e.g.*, *In re: Bard IVC*, No. 15-2641, 2016 WL 6393596,

at \*3–\*4 (D. Ariz. Oct. 28, 2016) (holding that the plaintiff's conclusory allegation that the defendants marketed, promoted, and sold products in the forum state were insufficient to establish personal jurisdiction); *W. Showcase Homes, Inc. v. Fuqua Homes, Inc.*, No. 2:09CV02341-RCJ-RJJ, 2010 WL 1838364, at \*4 (D. Nev. May 6, 2010) (holding that the plaintiff's conclusory statement that the defendant "at all times relevant to this matter was, doing business in Clark County in the state of Nevada" was inadequate to support personal jurisdiction, reasoning that the plaintiff "must allege some activities that in fact would support such a claim").

        2.    <u>There Is No General Jurisdiction Over CEC in Arizona</u>.

CEC is not "at home" in Arizona and, as such, cannot be sued in Arizona for Plaintiff's alleged injuries that purportedly occurred as a result of conduct taking place in Nevada.

From the Complaint, it appears Plaintiff is attempting to invoke the Court's general jurisdiction. Plaintiff alleges that CEC "conducts business and regularly solicits business in Maricopa County, Arizona." Complaint, ¶ 2. The Complaint, however, does not include any other allegation relating to CEC's purported contacts with Arizona. Moreover, the Complaint does not include any allegations regarding the state in which CEC is incorporated or the state in which CEC has its principal place of business.

Plaintiff's single conclusory allegation is insufficient to meet her burden of demonstrating that CEC is subject to general jurisdiction in Arizona. Plaintiff alleges no facts to support her unsubstantiated, general assertion that CEC conducts business and regularly solicits business in Maricopa County, Arizona. Plaintiff does not allege the type of business CEC conducts and regularly solicits in Arizona. Plaintiff does not allege how often CEC solicits such business, the ways in which it solicits such business, or who it solicits business from. Thus, she has failed to meet her burden. *See, e.g.*, *In re: Bard IVC*, 2016 WL 6393596, at \*3–\*4; *W. Showcase Homes, Inc.*, 2010 WL 1838364, at \*4. More

important, even if the Court were to accept Plaintiff's single allegation as true, Plaintiff has still failed to meet her burden. The United States Supreme Court has clarified that general jurisdiction does **not** exist in every state in which a corporation "engages in a substantial, continuous, and systematic course of business." *Daimler*, 571 U.S. at 138. Accordingly, even if CEC conducts business and regularly solicits business in Maricopa County, Arizona, such contacts are insufficient to submit CEC to general jurisdiction in Arizona. Ultimately, Plaintiff has not alleged any facts to suggest that CEC's contacts with Arizona "have the '[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets' that amount to a general presence in the state." *Armored Group, LLC v. Supreme Industries, Inc.*, No. CV09-414-PHX-NVW, 2009 WL 1390841, at *1 (D. Ariz. May 15, 2009) (quoting *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1173 (9th Cir. 2006)).

Because Plaintiff has failed to meet her burden in demonstrating that CEC is "at home" in Arizona, the due process requirements for general jurisdiction have not been satisfied.

        3.    <u>There is No Specific Jurisdiction over CEC in Arizona</u>.

There is no specific jurisdiction over CEC in Arizona because Plaintiff's claims do not arise out of any alleged conduct occurring in Arizona or relate to any of CEC's alleged forum-related activities. Plainly, there is no link between Arizona and Plaintiff's claims. Plaintiff does not allege that any conduct forming the bases for her claims occurred in Arizona. Instead, Plaintiff's claims are based entirely on alleged conduct that took place at The Cromwell hotel in Las Vegas, Nevada. *See* Section II, *supra*.

Plaintiff's <u>only</u> allegation relating to CEC's connection to Arizona is that CEC allegedly "conducts business and regularly solicits business in Maricopa County, Arizona." Complaint, ¶ 2. Even if this allegation was accurate, it would not suffice to establish specific jurisdiction because Plaintiff has not alleged how such contacts relate to the

underlying controversy. *See, e.g.*, *Bristol-Myers*, 137 S. Ct. at 1781 ("In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.' When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." (citation omitted)); *Goodyear*, 564 U.S. at 931, n.6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales.").

Because there is no connection between Arizona and the specific claims at issue, there is no specific jurisdiction over CEC in Arizona.

**B.     Venue is Improper in Arizona.**

Where jurisdiction is founded solely on diversity, a civil action may be brought only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For purposes of venue, a defendant entity is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2).

If a plaintiff files an action in an improper venue, the Court must dismiss the case, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Venue is improper in Arizona. First, as explained in detail above, CEC is not subject

to personal jurisdiction in Arizona and, therefore, does not reside in Arizona for purposes of venue. *See* 28 U.S.C. § 1391(b)(1), (b)(3). Second, also as explained above, none of the alleged events—let alone a substantial part of the alleged events—giving rise to any of Plaintiff's claims occurred in Arizona. *See* 28 U.S.C. § 1391(b)(2). Accordingly, venue is improper in any court sitting in Arizona. The Court must either dismiss this action, "or if it be in the interest of justice," transfer this case to the Nevada District Court, which is a proper venue and where CEC is subject to personal jurisdiction. 28 U.S.C. § 1406(a).

### C. In the Alternative, this Case Should Be Transferred to the Nevada District Court.

As explained above, because venue is improper in this judicial district, the Court must either dismiss the action on that basis or transfer the case to another district or division in which this case could have been brought. 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.").

If the Court is not inclined to dismiss this action based on improper venue or lack of personal jurisdiction, then the Court should transfer this case to the Nevada District Court, as that would cure both deficiencies raised in the instant motion.

First, CEC will submit to personal jurisdiction in Nevada. Second, because CEC will submit to the Nevada District Court's personal jurisdiction with respect to this action, venue is proper in that court. *See* 28 U.S.C. § 1391(b)(3). Therefore, should the Court elect not to dismiss this action for lack of personal jurisdiction and/or improper venue, then, "in the interest of justice," the Court should transfer the case to the Nevada District Court.

### IV. CONCLUSION

In light of the foregoing, CEC respectfully requests the Court dismiss Plaintiff's claims, in their entirety, due to lack of personal jurisdiction and improper venue. In the

1  alternative, CEC respectfully requests the Court transfer this action to the Nevada District
2  Court where personal jurisdiction is established and venue is appropriate.
3      DATED this 2nd day of January, 2020.
4                                             FENNEMORE CRAIG, P.C.

6                                  By:  s/ *Douglas C. Northup*
7                                       Douglas C. Northup
                                       Taylor Burgoon
8                                         *Attorneys for Defendant*
                                       *Caesars Entertainment Corporation*

10  15437652