**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stacey Caron, <br>     Plaintiff, <br> v. <br> Caesars Entertainment Corporation, et al., <br>     Defendants. <br><br> Amber Berger, <br>     Plaintiff, <br> v. <br> Caesars Entertainment Corporation, et al., <br>     Defendants. | No. CV-19-05922-PHX-MTL <br> **CONSOLIDATED WITH:** <br> No. CV-19-05923-PHX-SMB <br><br> **ORDER** |

Before the Court is Defendant Caesars Entertainment Corporation's Motion to Transfer to Single Judge and Consolidate With Related Case No. CV-19-5923-PHX-SMB (Doc. 7). Defendant Caesars Entertainment Corporation ("Defendant") argues that two cases filed by Plaintiffs Stacey Caron and Amber Berger, respectively, should be transferred and consolidated in light of their "identical causes of action and nearly identical facts." (*Id.* at 2.) Plaintiffs have filed a "Notice of Non-Objection" stating that, while they do not object to consolidation "at least for the purposes of discovery," each Plaintiff "reserve[s] the right to have separate trials." (Doc. 8 at 2.) The motion is granted.

## I. BACKGROUND

Plaintiff Stacey Caron filed the present case in Maricopa County Superior Court on November 25, 2019 (the "*Caron*" case). (Doc. 1.) The same day, Plaintiff Amber Berger filed her substantially identical case, also in Maricopa County Superior Court (the "*Berger*" case). Defendant filed a notice of removal in both cases on December 30, 2019. The *Caron* case is currently pending before the undersigned District Judge; the *Berger* case is presently pending before the Honorable Susan Brnovich as Case No. CV-19-05923-SMB.

Both cases allege that Plaintiffs were guests at the Cromwell Hotel in Las Vegas, Nevada, on August 12-13, 2019. (*Caron* Doc. 1-3 ¶ 6; *Berger* Doc. 1-3 ¶6.) The Complaints state that Ms. Caron and Ms. Berger are "business partners." They allege that after security guards accused Ms. Caron of committing a "lewd act" in the hotel casino, two security guards escorted Plaintiffs back to their hotel room. (*Caron* Doc. 1-3 ¶¶ 7-10; *Berger* Doc. 1-3 ¶¶ 7-11.) Once inside the hotel room, one of the two security guards allegedly committed a sexual assault on Plaintiffs while the other security guard guarded the door. (*Caron* Doc. 1-3 ¶¶ 16-18; *Berger* Doc. 1-3 ¶¶ 17-19.) In both cases, Plaintiffs assert claims of assault and battery, negligence, false imprisonment, and respondeat superior. They both seek general, special, and punitive damages. (*Caron* Doc. 1-3 at 13-14; *Berger* Doc. 13-14.) Defendant has filed a motion to dismiss for lack of personal jurisdiction and improper venue or, alternatively, a motion to transfer in both cases. (Doc. 5 in both.)

On January 14, 2020, Defendant filed a motion to transfer and consolidate in both the *Caron* and *Berger* cases. (Doc. 7 in both.) Defendant moves to transfer and consolidate the two cases because they arise out of the same event, allege identical claims and nearly identical facts, and the transfer will "increase judicial efficiency, allow coordination of the lawsuits, and avoid conflicting rulings in these closely-related cases." (Doc. 7 at 2.) Defendant states that "[b]ecause these cases are in the initial stage of litigation, [Defendant] does not have a preference as to which Judge the cases are assigned to." (*Id*. at 6 n.1.) On January 15, 2020, Judge Brnovich entered a minute order in the *Berger* case stating that "[t]he Court has consulted with Judge Liburdi and in an effort to avoid inconsistent rulings,

1 Judge Liburdi will rule on the motion to consolidate in his case. Therefore, the Court will defer ruling until Judge Liburdi has ruled." (*Berger* Doc. 8.)

Plaintiffs Caron and Berger filed a "Notice of Non-Objection" on January 24, 2020, stating that "Plaintiffs hereby provide notice that they do not object to the Motion to Consolidate at least for the purposes of discovery[.]" (Doc. 8 at 2.) However, they stated that they "each reserve the right to have separate trials depending on the posture of the case at the time of trial. Each Plaintiff is likely a witness in the other Plaintiff's case and both Plaintiffs may require their own trial." (*Id.*)

## II. LEGAL STANDARD

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate "[i]f actions before the court involve a common question of law or fact." LRCiv 42.1(a)(1) provides:

> When two or more cases are pending before different Judges, a party in any of those cases may file a motion to transfer the case or cases to a single Judge on the ground that the cases: (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges.

This Court has "broad discretion" under Rule 42(a) in determining whether to consolidate cases pending in the same district. *Investors Research Co., et al. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In reviewing a motion to consolidate, this Court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Owen v. Labor Ready Inc.*, 146 F. App'x 139, 141 (9th Cir. 2005) (citation omitted). The standard for transfer under LRCiv 42.1 is similar to the standard for consolidation under Rule 42(a), and this Court has broad discretion in determining whether to grant such motions. *See Pangerl v. Ehrlich*, 2007 WL 686703, at *2 (D. Ariz. 2007) (citing *Investors Research Co.*, 877 F. 2d at 777).

## III. ANALYSIS

The Court finds that transfer and consolidation are appropriate. Having reviewed both Complaints, the Court finds that they are substantially identical. The two cases arise from the same alleged incident and involve identical questions of law. Transfer and consolidation will have the effect of conserving time and effort, and will avoid causing the parties to incur unnecessary expenses in trying two separate lawsuits. *Owen*, 146 F. App'x at 141. It will also remove the need for duplication of labor that would otherwise result from having separate judges hear the cases individually. Lastly, transfer and consolidation will avoid the potential of inconsistent outcomes. In light of the foregoing, the Court will grant Defendants' Motion to Transfer and Consolidate.

The Court notes that Plaintiff's Notice of Non-Opposition states that Plaintiffs "reserve the right to have separate trials depending on the posture of the case at the time of trial." (Doc. 8 at 2.) Rule 42(b) provides, in relevant part, that "for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). The Court may, if relevant, consider the issue of separate trials at the appropriate juncture. The effect of this Order, however, is to otherwise "consolidate the actions." Fed. R. Civ. P. 42(a).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED granting** the Motion to Transfer to Single Judge and Consolidate With Related Case No. CV-19-5923-PHX-SMB (Doc. 7).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall transfer CV-19-05923-SMB to this Court and consolidate it with CV19-05922-PHX-MTL. All future filings shall bear case number CV-19-05922-PHX-MTL as the lead case and be submitted in substantially the same format as the caption of this order. All future filings related to these cases shall be filed in CV-19-05922-PHX-MTL.

///

Dated this 19th day of March, 2020.

_____
Michael T. Liburdi
United States District Judge